FILED
2010 Mar-24 PM 03:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| Jennifer Turner, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 09-G-1868 |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Jennifer Turner, brings this action seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Jennifer Turner filed an application for Social Security Benefits. Thereafter, plaintiff timely pursued and exhausted the administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.  The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that proper legal standards were applied in reaching that decision.  Accordingly, the decision of the Commissioner must be affirmed.

Plaintiff argues the ALJ did not give adequate reasons for discrediting the letter of one of plaintiff's treating physicians, Dr. Reiland.  Dr. Reiland's letter of February 23, 2007, states the plaintiff was disabled due to depression and seizures.  However, the last treatment note from Dr. Reiland, is from November 2004 and indicates the plaintiff had had no recent seizures.  That note also indicated only a possible diagnosis of depression.  The next most recent treatment note was in October 2003, and also showed no recent seizure activity.  Therefore, substantial evidence supports the ALJ's finding that Dr. Reiland's opinion was

"unsupported by their treatment records and with the record as a whole...." R. 39. Likewise, the ALJ's finding that the plaintiff's testimony was not credible is supported by substantial evidence.

Plaintiff's motion to remand is also due to be denied. Even if the evidence plaintiff submitted to the Appeals Council were to be made part of the record, the ALJ's decision would still be supported by substantial evidence.

A separate order in conformity with this memorandum opinion will be entered.

DONE and ORDERED 24 March 2010.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.